GUIDRY, J.,
dissents and assigns reasons.
hi disagree with the majority’s conclusion that the district court’s ruling allowing introduction of the letter in evidence constituted reversible error. The majority opinion states: ..“Because Defendant failed to contemporaneously object to Dr. Vi-gen’s testimony as to the victim’s IQ score, Defendant failed to preserve any error as to his testimony, whether as to hearsay or to confrontation.” ■ Op at p. 171. Even if the defense’s objection to Dr. Vigen’s letter should have been sustained by the trial court, as the majority finds, the contents of the letter were merely cumulative when compared to the substance of Dr. Vigen’s direct testimony. Accordingly, I disagree with the majority’s, reasoning ■ as to why introduction of the letter was not harmless. The majority stresses the importance of the contents of the letter, which was written by Dr. Vigen, as containing all of the test results, including the scores of the sub-tests, and finds these additional scores bolstered the credibility of Dr. Vi-gen. But the IQ test result itself, which pertained to an essential element of the charged offense, was set forth in the letter, and that result had already been introduced in evidence by virtue of Dr. Vigen’s testimony, which is otherwise substantive evidence. Furthermore, Dr. Vigen had *174 previously informed the jury that his neu-ropsychological technician had administered and graded the |2test, so the letter’s ostensible revelation that someone other than Dr. Vigen had administered the test is simply redundant. In my view, the majority opinion correctly found the defendant had failed to preserve any error as to Dr, Vigen’s testimony; consequently, introduction of the letter on which his testimony was based, even if error on the part of the trial court, was harmless because its contents were merely cumulative evidence of the victim’s IQ.